IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSE LEE HOPKINS, | Case No. 3:24-cv-00222-MO |
| Plaintiff, | ORDER TO DISMISS |
| v. | |
| LT. ROUGHTON, *Quebec Team,* WARDEN BARRON, *FDC SEA-TAC Warden,* COLLETTE PETERS, *Bureau of Prisons Director,* SIS OFFICER BLACK, *SEA-TAC,* SIS OFFICER RAPP, Warden FCI Sheridan, | |
| Defendants. | |

MOSMAN, District Judge.

Plaintiff, Jesse Lee Hopkins, an adult in custody at Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"), brings this civil rights action *pro se*. (ECF 2). In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff also filed a Motion for Partial Summary Judgment. (ECF 9.) For the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Because Plaintiff's Complaint is not proceeding to service, Plaintiff's Motion for Partial Summary Judgment is prematurely filed and therefore DENIED.

1   - ORDER TO DISMISS

## **BACKGROUND**

Plaintiff generally alleges that he has been mistreated by staff at FCI Sheridan and at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"), including that he faced "serious danger" as a transgender inmate, has been the victim of "serious threats" by prison gangs, has been denied medical care, and has been denied access to the law library and grievance forms. Compl. at 1-3. (ECF No. 1). He states that he is a "very well behaved inmate," is being wrongly held in a 24-hour isolation cell. *Id*. at 1-2. He is "very sick," in serious need of medical care, has had two "brain stem strokes and [has] a heart problem." *Id*. at 3.

## **STANDARDS**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). The court construes *pro se* pleadings liberally and affords a plaintiff

2    - ORDER TO DISMISS

the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806. Before dismissing a *pro se* civil rights complaint for failure to state a claim, the court will supply a plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

1. ***Bivens* Action**

In his handwritten Complaint, Plaintiff states that he brings this action pursuant to 42 U.S.C. § 1983. However, because the named Defendants are federal officials, Plaintiff must bring his civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (citation omitted). In view of Plaintiff's *pro se* status, the Court will construe his Section 1983 claims against the named Federal Defendants as claims under *Bivens*.

A *Bivens* action must be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). In order to hold federal officials liable under *Bivens*, a plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the constitution or the laws of the United States."

*Beltran v. United States*, No. 3:15-CV-00785-SI, 2015 WL 7722414, at *3 (D. Or. Nov. 30, 2015) (citing *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988). Within the meaning of *Bivens*, a person deprives another of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Id*. (citing *Leer*, 844 F.2d at 633).

   2. **FDC SeaTac Claims and Defendants**

Plaintiff's Complaint includes events alleged to have occurred during his confinement at FDC SeaTac and unconstitutional conditions alleged to have been imposed by FDCI SeaTac or "Quebec Team" prison officials, prior to his transfer to FCI Sheridan. FDC SeaTac is located in King County, Washington, and thus within the geographical confines of the Western District of Washington. As such, this Court is not the appropriate court to hear those claims. *See* 28 U.S.C. §§ 1391(b); 1406(a). If Plaintiff wishes to pursue claims arising out of his confinement at FDC SeaTac, Plaintiff may file a new complaint asserting those claims in the Western District of Washington, where that facility is located. Accordingly, claims arising out of Plaintiff's confinement at FDC SeaTac and Defendants "Lt. Roughton, *Quebec Team*," "Warden Barron, *FDC SEA-TAC Warden*," "SIS Officer Black, *SEA-TAC*" and "SIS Officer Rapp" are dismissed from the Complaint.

   3. **Failure to State a Claim**

Even assuming the truth of Plaintiff's allegations, he fails to state a *Bivens* claim. First, Plaintiff has not alleged facts establishing that the FCI Sheridan Warden or the Bureau of Prisons Director, named as Defendants in this action, were personally involved in any alleged deprivation. Moreover, he cannot rely on the theory of *respondeat superior*. *Iqbal*, 556 U.S. at

4   - ORDER TO DISMISS

676; *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) ("We join other circuits in holding that *respondeat superior* is inapplicable to *Bivens* actions."). Thus, Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" or federal law. *Iqbal*, 556 U.S. at 676.

Second, even if Plaintiff had named a proper defendant, his conclusory allegations, unsupported by specific factual allegations, are insufficient to establish any violation of his federal rights. Moreover, the Supreme Court has recognized *Bivens* actions in only three contexts: under the Eighth Amendment for providing inadequate medical treatment to a federal prisoner, under the Fifth Amendment for gender discrimination in federal employment, and under the Fourth Amendment for unlawful searches and seizures. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *Davis v. Passman*, 442 U.S. 228 (1979); *Bivens*, 403 U.S. at 394-97. The Supreme Court "has consistently refused to extend *Bivens* to any new context or new category of defendants" and "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citations omitted). Thus, Plaintiff is advised that any constitutional claims arising from conditions unrelated to an alleged denial of medical treatment, gender discrimination or unlawful search and seizure by a federal official may not be recognized under *Bivens*.

For all these reasons, the Court finds Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because he fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (ECF 2) is DISMISSED and Plaintiff's Motion for Partial Summary Judgment (ECF 9) is DENIED.

Claims arising out of Plaintiff's confinement at FDC SeaTac and Defendants Lt. Roughton, *Quebec Team*, Warden Barron, *FDC SEA-TAC Warden*, SIS Officer Black, *SEA-TAC* and SIS Officer Rapp are dismissed from the Complaint.

Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies with his Complaint; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

The Clerk of Court is directed to send Plaintiff a civil rights form for his use.

IT IS SO ORDERED.

| 4/17/2024 | *Michael W. Mosman* |
|---|---|
| DATE | Michael W. Mosman |
| | United States District Judge |