IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSE LEE HOPKINS, | Case No. 3:24-cv-00222-MO |
| Plaintiff, | ORDER TO DISMISS |
| v. | |
| LT. ROUGHTON, *et al.*, | |
| Defendants. | |

MOSMAN, District Judge.

Plaintiff, Jesse Lee Hopkins, an adult in custody at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"), brings this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* 2d. Am. Compl. (ECF 16). For the reasons set forth below, Plaintiff's Second Amended Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiff was transferred to FCI Sheridan on December 28, 2023. 2d. Am. Compl. at 11. Within hours, he claims he was "threatened to be killed" by other adults in custody because he

1    - ORDER TO DISMISS

him as a sex offender. *Id*. at 21. He also claims that prison officials lost over $2,000.00 of Plaintiff's personal property during his transfer to FCI Sheridan. *Id*. at 17. Plaintiff seeks compensatory damages as well as injunctive relief. *Id*. at 23-24, 26.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

Plaintiff brings this action pursuant to *Bivens*, alleging that the named Defendants provided him inadequate medical care, subjected him to cruel and unusual punishment, failed to

protect him, violated his right to equal protection of the laws, discriminated against him because he is transgender, verbally harassed him and are responsible for his property loss. He names twenty FCI Sheridan officials and staff as Defendants.

*Bivens* "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (citation omitted). In order to hold federal officials liable under *Bivens*, a plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the constitution or the laws of the United States." *Beltran v. United States*, No. 3:15-CV-00785-SI, 2015 WL 7722414, at *3 (D. Or. Nov. 30, 2015) (citing *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988). Within the meaning of *Bivens*, a person deprives another of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Id*. (citing *Leer*, 844 F.2d at 633).

As alleged, Plaintiff's Second Amended Complaint is subject to dismissal for failure to state a claim for several reasons. First, Plaintiff fails to make any allegations against Defendants Warden Jacquez, Assistant Warden Bills and Correctional Officer Coyle. Second, he raises several claims that are not recognized as *Bivens* actions. 2d. Am. Compl. (ECF 16) at 11-12, 15, 17, 19, 21. Plaintiff was previously advised, the Supreme Court has recognized *Bivens* actions in only three contexts: under the Eighth Amendment for providing inadequate medical treatment to a federal prisoner, under the Fifth Amendment for gender discrimination in federal employment, and under the Fourth Amendment for unlawful searches and seizures. Order to Dismiss dated

4    - ORDER TO DISMISS

Apr. 17, 2024 (ECF 11) at 5 (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980); *Davis v. Passman*, 442 U.S. 228 (1979); *Bivens*, 403 U.S. at 394-97). Finally, although Plaintiff raises an Eighth Amendment inadequate medical care claim under *Bivens*, he sues all the named Defendants in this action in their *official* capacity only. 2d Am. Compl. (ECF 16) at 2-3, 5, 7. The Court notes that it previously advised Plaintiff that a *Bivens* action must be brought against the responsible federal official in his or her *individual* capacity. Order to Dismiss dated Apr. 17, 2024 (ECF 11) at 3 (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987)). Accordingly, Plaintiff's Second Amended Complaint is dismissed with prejudice in its entirety for failure to state a claim.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Second Amended Complaint (ECF 16) is DISMISSED with prejudice. All pending motions are DENIED as MOOT.

IT IS SO ORDERED.

| 5/14/2024 | *Michael W. Mosman* |
|---|---|
| DATE | Michael W. Mosman |
|  | United States District Judge |